**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4796**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

TERRANCE GERARD FREEMAN,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.  (5:08-cr-00032-D-1)

Submitted:  July 29, 2010            Decided:  August 30, 2010

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   George E. B. Holding, United States Attorney,
Jennifer P. May-Parker, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Gerard Freeman pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court determined that the offense was committed after Freeman sustained two prior felony convictions for crimes of violence, see U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(2) (2007), and sentenced Freeman to 106 months' imprisonment. Freeman challenges this sentence on appeal. Finding no error, we affirm.

Counsel contends that the district court erred in determining that N.C. Gen. Stat. § 14-72(b)(1) (2009) (larceny from the person) is a "crime of violence" under § 2K2.1(a)(2), as that term is defined by USSG § 4B1.2(a) (2007). See USSG § 2K2.1, cmt. n.1. This argument, however, is foreclosed by this court's recent decision in United States v. Jarmon, 596 F.3d 228, 233 (4th Cir. 2010), which held that North Carolina's "larceny from the person resembles the enumerated offense of burglary both in kind and in degree of risk, and so constitutes a 'crime of violence' under the 'otherwise' clause of § 4B1.2[(a)(2)] . . . ." We therefore conclude that the district court did not err in its application of USSG

§ 2K2.1(a)(2).[*]  See Jarmon, 596 F.3d at 230 (stating standard of review).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[*] Freeman concedes that he has another conviction for a crime of violence.

3